Andrew D. Winghart (SBN 225099)
Winghart Law Group
495 Seaport Court, Suite 104
Redwood City, California 94063
Drew@winghartlaw.com
(510) 593-8546

Counsel for Defendant SOFTWARE TECH

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| ADOBE SYSTEMS INCORPORATED, a Delaware Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SOFTWARE TECH, a Business Entity of Unknown Status; and DOES 1-10, Inclusive,<br><br>Defendants | **Case No.: 3:14-cv-02140**<br><br>**ANSWER & CROSS-COMPLAINT; JURY TRIAL DEMAND** |
| SOFTWARE TECH,<br><br>Plaintiff,<br><br>vs.<br><br>ADOBE SYSTEMS INCORPORATED, A Delaware Corporation,<br><br>Defendant. | |

COMES NOW Defendant SOFTWARE TECH and responds to Plaintiff ADOBE's Complaint as follows:

## PARTIES

1. Defendant neither admits nor denies the allegations of this Paragraph based on a lack of information but demands proof of the same.

2. Defendant denies this allegation.

3. Defendant denies this allegation.

4. Defendant denies this allegation.

5. Defendant denies this allegation.

6. Defendant neither admits nor denies the allegations of this Paragraph based on a lack of information but demands proof of the same.

7. Defendant neither admits nor denies the allegations of this Paragraph based on a lack of information but demands proof of the same.

8. Defendant neither admits nor denies the allegations of this Paragraph based on a lack of information but demands proof of the same.

## JURISDICTION

9. Defendant admits Plaintiff has invoked Federal subject matter jurisdiction based upon the allegations of the Complaint.

10. Defendant admits the Court would have supplemental jurisdiction of Plaintiff's non-Federal claims under 28 U.S.C. §§1367(a) and 1338(b).

11. Defendant denies venue is correct herein as Plaintiff has failed to establish the requisite nexus with this judicial district.

12. Defendant denies that it engaged in sufficient activities to this forum to establish such minimum contacts to assert personal jurisdiction over the Defendant.

13. Defendant denies that it engaged in sufficient activities to this forum to establish such minimum contacts to assert personal jurisdiction over the Defendant.

14. Defendant denies that it engaged in sufficient activities to this forum to establish such minimum contacts to assert personal jurisdiction over the Defendant.

## INTRADISTRICT ASSIGNMENT

15. Defendant admits the allegations of this Paragraph.

16. Defendant denies the allegations of this Paragraph.

## GENERAL ALLEGATIONS

### Plaintiff and its Famous ADOBE® Software Products

17. Defendant neither admits nor denies the allegations of this Paragraph based on a lack of information but demands proof of the same.

18. Defendant neither admits nor denies the allegations of this Paragraph based on a lack of information but demands proof of the same.

19. Defendant neither admits nor denies the allegations of this Paragraph based on a lack of information but demands proof of the same.

20. Defendant neither admits nor denies the allegations of this Paragraph based on a lack of information but demands proof of the same.

21. Defendant neither admits nor denies the allegations of this Paragraph based on a lack of information but demands proof of the same.

22. Defendant neither admits nor denies the allegations of this Paragraph based on a lack of information but demands proof of the same.

23. Defendant neither admits nor denies the allegations of this Paragraph based on a lack of information but demands proof of the same.

24. Defendant neither admits nor denies the allegations of this Paragraph based on a lack of information but demands proof of the same.

25. Defendant neither admits nor denies the allegations of this Paragraph based on a lack of information but demands proof of the same.

26. Defendant neither admits nor denies the allegations of this Paragraph based on a lack of information but demands proof of the same.

### Plaintiff's "Adobe Partner Connection Reseller Program"

27. Defendant neither admits nor denies the allegations of this Paragraph based on a lack of information but demands proof of the same.

28.     Defendant admits it entered into an agreement with Plaintiff, the terms of which speak for themselves.

29.     Defendant denies the allegations of this Paragraph.

**<u>Defendants' Dealings in Counterfeit/Unauthorized ADOBE® ACROBAT® Original Equipment Manufacturer ("OEM") Software Products, Unauthorized Sale of ADOBE® ACROBAT® Electronic Software Downloads ("ESD") without a License & Unauthorized Sale of Volume Licenses</u>**

30.     Defendant denies the allegations of this Paragraph.

31.     Defendant denies the allegations of this Paragraph.

32.     Defendant neither admits nor denies the allegations of this Paragraph based on a lack of information but demands proof of the same.

33.     Defendant neither admits nor denies the allegations of this Paragraph based on a lack of information but demands proof of the same.

34.     Defendant denies the allegations of this Paragraph.

35.     Defendant denies the allegations of this Paragraph.

36.     Defendant denies the allegations of this Paragraph.

<u>**FIRST CAUSE OF ACTION**</u>

**(Infringement of Registered Trademarks Against Defendant Software Tech, and Does 1-10, Inclusive)**

**[15 U.S.C. §1114/Lanham Act §32(a)]**

37.     Defendant incorporates by reference each response to Paragraphs 1 through 36, as if set forth *in hac verbatim* herein.

38.     Defendant neither admits nor denies the allegations of this Paragraph based on a lack of information but demands proof of the same.

39.     Defendant neither admits nor denies the allegations of this Paragraph based on a lack of information but demands proof of the same.

///

///

40. Defendant neither admits nor denies the allegations of this Paragraph based on a lack of information but demands proof of the same.

41. Defendant denies the allegations of this Paragraph.

42. Defendant denies the allegations of this Paragraph.

43. Defendant denies the allegations of this Paragraph.

44. Defendant denies the allegations of this Paragraph.

45. Defendant denies the allegations of this Paragraph.

46. Defendant denies the allegations of this Paragraph.

47. Defendant denies the allegations of this Paragraph.

## SECOND CAUSE OF ACTION

**(False Designation of Origin / False or Misleading Advertising / Unfair Competition Against Defendant Software Tech, and Does 1-10, Inclusive)**

**[15 U.S.C. §1125(a)/Lanham Act §43(a)]**

48. Defendant incorporates by reference each response to Paragraphs 1 through 47, as if set forth *in hac verbatim* herein.

49. Defendant neither admits nor denies the allegations of this Paragraph based on a lack of information but demands proof of the same.

50. Defendant denies the allegations of this Paragraph.

51. Defendant denies the allegations of this Paragraph.

52. Defendant denies the allegations of this Paragraph.

53. Defendant denies the allegations of this Paragraph.

54. Defendant denies the allegations of this Paragraph.

55. Defendant denies the allegations of this Paragraph.

56. Defendant denies the allegations of this Paragraph.

57. Defendant denies the allegations of this Paragraph.

///

///

///

**THIRD CAUSE OF ACTION**

**(Dilution Against Defendant Software Tech, and Does 1-10, Inclusive)**

**[15 U.S.C. §1125(c)]**

58.     Defendant incorporates by reference each response to Paragraphs 1 through 57, as if set forth *in hac verbatim* herein.

59.     Defendant neither admits nor denies the allegations of this Paragraph based on a lack of information but demands proof of the same.

60.     Defendant denies the allegations of this Paragraph.

61.     Defendant denies the allegations of this Paragraph.

62.     Defendant denies the allegations of this Paragraph.

63.     Defendant denies the allegations of this Paragraph.

**FOURTH CAUSE OF ACTION**

**(Federal Copyright Infringement Against Defendant Software Tech, and Does 1-10, Inclusive)**

**[17 U.S.C. §501(a)]**

64.     Defendant incorporates by reference each response to Paragraphs 1 through 63, as if set forth *in hac verbatim* herein.

65.     Defendant neither admits nor denies the allegations of this Paragraph based on a lack of information but demands proof of the same.

66.     Defendant denies the allegations of this Paragraph.

67.     Defendant denies the allegations of this Paragraph.

68.     Defendant denies the allegations of this Paragraph.

69.     Defendant denies the allegations of this Paragraph.

**FIFTH CAUSE OF ACTION**

**(Unlawful, Unfair, Fraudulent Business Practices Against Defendant Software Tech, and Does 1-10, Inclusive)**

**[*California Business & Professions Code* §17200 *et seq.*]**

70. Defendant incorporates by reference each response to Paragraphs 1 through 69, as if set forth *in hac verbatim* herein.

71. Defendant denies the allegations of this Paragraph.

72. Defendant denies the allegations of this Paragraph.

73. Defendant denies the allegations of this Paragraph.

74. Defendant denies the allegations of this Paragraph.

75. Defendant denies the allegations of this Paragraph.

76. Defendant denies the allegations of this Paragraph.

77. Defendant denies the allegations of this Paragraph.

78. Defendant denies the allegations of this Paragraph.

## SIXTH CAUSE OF ACTION

**(Breach of Contract Against Defendant Software Tech, and Does 1-10, Inclusive)**

79. Defendant incorporates by reference each response to Paragraphs 1 through 78, as if set forth *in hac verbatim* herein.

80. Defendant admits the allegations of this Paragraph.

81. Defendant denies the allegations of this Paragraph.

82. Defendant denies the allegations of this Paragraph.

83. Defendant denies the allegations of this Paragraph.

## AFFIRMATIVE DEFENSES

NOW COMES the Answering Defendant and alleges its affirmative defenses to the Plaintiff's Complaint, as follows:

## FIRST AFFIRMATIVE DEFENSE

## WAIVER

As an affirmative defense, the Defendant asserts, on information and belief, that Plaintiff's claims against Defendant have been waived.

///

///

///

## SECOND AFFIRMATIVE DEFENSE

## RES JUDICATA

As an affirmative defense, the Defendant asserts, on information and belief, that Plaintiff's claim is barred under the doctrine of *res judicata.*

## THIRD AFFIRMATIVE DEFENSE

## ESTOPPEL

As an affirmative defense, the Defendant asserts, on information and belief, that Plaintiff is estopped from some or all of Plaintiff's claims as alleged in the Complaint.

## FORTH AFFIRMATIVE DEFENSE

## LACHES

As an affirmative defense, the Defendants assert that, on information and belief, that Plaintiff's claims are barred by the doctrine of laches.

## FIFTH AFFIRMATIVE DEFENSE

## STATUE OF LIMITATIONS

As an affirmative defense, the Defendants assert that, on information and belief, that Plaintiff's claims are barred by the applicable statue of limitations.

## SIXTH AFFIRMATIVE DEFENSE

## FAILURE TO STATE A CLAIM

As an affirmative defense, the Defendants assert that, on information and belief that Plaintiff's Complaint fails to state a claim upon which relief can be granted.

## PRAYER

WHEREFORE, Answering Defendant prays for the following relief:

1. For judgment in favor Defendant on all causes for relief;
2. For attorneys fees and cost of suit incurred thereof as allowed by law;
3. For such relief deemed just and proper by the Court in favor of the Defendant.

///

///

///

## CROSS-COMPLAINT

AND NOW, comes Defendant SOFTWARE TECH and alleges as follows as its CROSS-COMPLAINT against Cross-Defendant ADOBE, as follows:

### JURISDICTION AND VENUE

1. Cross-Defendant ADOBE SYSTEMS, INC., is a Delaware Corporation, with offices within this Judicial District.

2. This Court has jurisdiction over Cross-Complainant's claims against Cross-Defendant under this Court's supplemental jurisdiction under 28 U.S.C. §1338(b).

3. Venue is proper in this Judicial District as the claims asserted herein relate to a Complaint filed within this Judicial District.

### FACTS APPLICABLE TO CROSS-COMPLAINANT'S CLAIMS

4. Cross-Defendant Adobe offers, subject to certain terms and conditions, the right for entities to enter into agreements for the resale of Adobe products.

5. One such sale channel is the Adobe Partner Connection Program, or APCP, which Plaintiff identifies as the Adobe Partner Connection Reseller Program.

6. Cross-Complainant and Cross-Defendant entered into a binding contract under the APCP, a copy of which, on information and belief, has been submitted to this Court by Adobe previously in this action.

7. Cross-Complainant complied with all terms, conditions, and covenants of this Agreement.

8. Cross-Defendant breached this agreement as set forth herein.

### COUNT I

### BREACH OF WRITTEN CONTRACT

9. Cross-Complainant re-alleges, repeats, and incorporates by reference herein paragraphs 1 to 8 as if fully set forth herein.

10. The Contract between Cross-Complainant and the Cross-Defendant provided that Cross-Complainant Software Tech had the authority to sell Adobe Software Products under provision 2.21 as follows: "a non-exclusive and non-transferable license to order Software

Products under the Authorized Programs from Authorized Adobe Distributors, for the purpose of reselling to End Users in the Territory during the Term of this Agreement."

11. "Software Products" were defined in the Agreement under provision 1.31 as "licensed copies of the Software, Media and Documentation made available by Adobe to Reseller and supplied to Reseller by Authorized Adobe Distributors under the Authorized Programs. In this Agreement, a reference to "Software Products" shall include a reference to the applicable Adobe Maintenance and Support Program(s).

12. The Agreement specifically identified electronic copies of the Adobe software which Software Tech would be able to sell, noting that under provisions 5.1, the reseller under the Agreement could order products "other than shrink-wrap Software Products[.]" *I.e.*, meaning both physical product (shrink-wrapped) and electronic downloads.

13. Therefore, under the terms of the Agreement, as construed from the document itself, Software Tech was entitled to engage in the sale of non-physical copies of Adobe Software.

14. Under the terms of the Agreement, under provision 7.1.1 Adobe granted to Software Tech "a non-exclusive, non-transferable license during the Term to use "Adobe," both the name and in the stylized form used by Adobe, and the applicable Software Product trade marks (together, the "Adobe Trade Marks"), solely for and in connection with its resale, marketing, advertising and promotion of the Software Products in the Territory, subject to the terms of this Agreement[.]"

15. Further, under provision 7.4.2, Software Tech has the ability under the terms of the agreement to identify itself as a reseller of Adobe products, as the provision states, "either party may include factual descriptions of the relationship between the parties in presentations without consent."

16. Therefore, Software Tech had the right under the Agreement to not only acknowledge it was a contract partner with Adobe under the APCP, but to use those marks reasonably necessary to advertise and market Adobe products.

///

///

17. Under the terms of the Agreement, under provision 14.5, for any action brought in connection with the APCP contract, the party prevailing in such action is entitled to recover "its costs, expert witness fees, and reasonable legal fees, including on appeal."

18. Cross-Defendant breached the ACPC contract, by bringing claims against Cross-Complainant for acts permitted under the ACPC.

19. As a result, Cross-Complainant has been damaged in an amount to be proven at trial.

## SECOND CAUSE OF ACTION

## DECLARATORY RELIEF

20. Cross-Complainant re-alleges, repeats, and incorporates by reference herein paragraphs 1 to 19 as if fully set forth herein.

21. An actual controversy exists between Adobe and Software Tech and under 28 U.S.C. 2201, this Court can declare the rights and legal relations of the parties under the terms of the Contract between Adobe and Software Tech.

22. The controversy between Adobe and Software Tech is in that Plaintiff has contended the actions of Software Tech alleged in the Complaint constitute a breach of the terms of the Agreement, whereas Software Tech disputes these contentions and asserts it has adhered to the terms of the Agreement in all material respects.

23. A judicial declaration is necessary and appropriate at this time under the circumstances in order that Cross-Complainant may ascertain its rights and duties under the Agreement.

## THIRD CAUSE OF ACTION

## BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING

24. Cross-Complainant re-alleges, repeats, and incorporates by reference herein paragraphs 1 to 23 as if fully set forth herein.

25. In every contract there is an implied covenant of good faith and fair dealing by each party not to do anything, which will deprive the other parties of the benefits of the contract,

and a breach of this covenant by failure to deal fairly or in good faith gives rise to an action for damages.

26.    The covenant imposes on each party to the contract the duty to refrain from doing anything which would render performance of the contract impossible by any act of his own, and also the duty to do everything that the contract presupposes that each party will do to accomplish its purpose.

27.    A party to a contract breaches the implied covenant of good faith and fair dealing by interfering with or failing to cooperate with the plaintiff in the performance of the contract.

28.    Software Tech and Adobe had a written contract between them.

29.    Software Tech complied with the terms of the Agreement.

30.    Cross-Defendant breached this covenant by bringing suit against Software Tech for actions permitted under the Agreement.

31.    These damages suffered by Software Tech have been proximately caused by Cross-Defendant Adobe.

32.    Cross-Complainant has suffered substantial damages, including loss of revenue, loss of good will, and has incurred substantial costs in defending the claims against it, in an amount to be proven at trial.

WHEREFORE, Cross-Complainant prays for judgment as follows:

1.    That Cross-Complainant recover for contractual, compensatory, and exemplary damages according to proof;

2.    That Cross-Complainant be awarded attorney's fees and costs, costs of suit, and other fees determined to be recoverable;

3.    A declaration of the rights and obligations of the Cross-Complainant and Cross-Defendant under the terms of the APCP Agreement, including whether or not the acts alleged in Adobe's Complaint constitute a violation of that Agreement; and

4.    For such other and further relief as the Court may deem just and proper.

///

///

Dated this 29th day of October, 2014.    WINGHART LAW GROUP

/s/
Andrew D. Winghart
Counsel for Defendant & Cross-Complainant
Software Tech

## DEMAND FOR JURY TRIAL

Defendant Software Tech respectfully demands a trial by jury in this action.

Dated this 29th day of October, 2014.    WINGHART LAW GROUP

/s/
Andrew D. Winghart
Counsel for Defendant & Cross-Complainant
Software Tech