UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ADOBE SYSTEMS INCORPORATED,<br><br>          Plaintiff,<br><br>     v.<br><br>LA BOUTIQUE DU SOFTWARETECH INC., a Canadian Corporation doing business as SOFTWARE TECH and SOFTWARE TECH STORE; FUTUR-SOFT SOLUTIONS CORPORATION, a New York Corporation; PIERRE FRANCIS, an Individual; and DOES 3-10, Inclusive,<br><br>          Defendants. | Case No. 5:14-cv-02140-RMW (HRL)<br><br>**ORDER RE DISCOVERY DISPUTE REPORT NO. 1**<br><br>Re: Dkt. No. 94 |

Plaintiff Adobe Systems, Incorporated (Adobe) filed this lawsuit, alleging that defendants made unauthorized sales of Adobe software. In Discovery Dispute Joint Report (DDJR) No. 1,[1] Adobe says that between June and August 2015, plaintiff served notices for the depositions of defendants, Osama Shamma (identified as defendants' sole employee who is primarily responsible for defendants' daily operations), and Delilah Kanou (identified as defendant Pierre Francis' wife, the corporate defendants' officer, and the point of contact for defendant Software Tech).

---

[1] DDJR No. 1 is not really a "joint" report because it was unilaterally filed by Adobe. This court is told that, despite plaintiff's repeated efforts, defendants refused to meet-and-confer or to participate in the preparation of the report. This court has received no response to Adobe's discovery report.

According to Adobe, defendants (1) refused to cooperate in Adobe's attempts to schedule (and reschedule) the subject depositions; (2) failed to appear for their own depositions; and (3) refused to produce Shamma or Kanou for examination. Although defendants currently do not have an attorney, plaintiff noticed the subject depositions and attempted to schedule them at a time when all defendants were still represented by counsel. Moreover, even after defense counsel withdrew, this court is told that defendants either refused or ignored plaintiff's attempts to reschedule the examinations.

Plaintiff now asks for what amounts to a terminating sanction, i.e., an order striking defendants' answers for their failure to appear for deposition. Alternatively, plaintiff requests an order compelling defendants, Shamma, and Kanou to appear for deposition by a date certain. Adobe previously was willing to proceed with the depositions in Montreal; however, the deponents having flouted prior efforts to secure those depositions, Adobe now asks that the subject examinations be ordered to take place in the United States. Additionally, Adobe seeks an award of $3,326.25 for reasonable fees and costs it says it incurred in the pursuit of these depositions. The matter is deemed suitable for determination without oral argument. Civ. L.R. 7-1(b). Upon consideration of DDJR No. 1, Adobe's request for sanctions is granted in part as follows:

If a party fails to appear for a properly noticed deposition, the court may sanction that party by, among other things, striking its pleadings in whole or in part. Fed. R. Civ. P. 37(d); 37(b)(2)(A)(iii).[2] Such sanctions are appropriate, even in the absence of a prior court order. Fed. R. Civ. P. 37(d); Hilao v. Estate of Marcos, 103 F.3d 762, 764-65 (9th Cir. 1996). "Instead of or in addition to these sanctions, the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3).

Before ordering a terminating sanction under Fed. R. Civ. P. 37(d) for failure to appear at a

---

[2] Other available sanctions for a party's failure to appear for deposition include orders deeming certain facts established; prohibiting the disobedient party from supporting or opposing designated claims or defenses or from introducing certain matters into evidence; and rendering default judgment against the disobedient party. Fed. R. Civ. P. 37(d)(3); 37(b)(2)(A).

deposition, the court must balance five factors: (1) the public's interest in expeditious resolution of litigation, (2) the court's need to manage its dockets, (3) the risk of prejudice to the party seeking sanctions, (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions. Hyde & Drath v. Baker, 24 F.3d 1162, 1166 (9th Cir.1994) (citing Wanderer v. Johnston, 910 F.2d 652, 656 (9th Cir.1990)). The first two factors weigh in favor of the imposition of terminating sanctions, while the fourth factor cuts against it. "Thus the key factors are prejudice and the availability of lesser sanctions." Wanderer, 910 F.2d at 656.

This court finds that striking defendants' answers might well be justified. Plaintiff is entitled to obtain testimony on matters pertinent to this lawsuit, and the record presented indicates that each of the deponents likely has information that is relevant or reasonably calculated to lead to the discovery of admissible evidence. Defendants flatly refused to appear and to produce witnesses for the noticed examinations. They also ignored plaintiff's repeated efforts to schedule (and reschedule) the depositions.

Nevertheless, although fact discovery closed on October 2, 2015, there is reasonable time in the case schedule to accommodate the taking of these depositions without disrupting the remainder of the presiding judge's schedule. So, rather than strike defendants' pleadings at this time, this court grants plaintiff's alternate request for an order requiring the deponents to appear for deposition in the United States. No later than **November 16, 2015**, defendants shall appear in the United States for their respective depositions and shall also produce Shamma and Kanou for examination here. Defendants shall cooperate with plaintiff's counsel in scheduling these examinations.

The denial of plaintiff's request for an order striking defendants' pleadings is without prejudice to Adobe to renew that request should defendants again fail to cooperate in the scheduling of the subject depositions, fail to appear for examination, or fail to produce Shamma and Kanou for deposition.

This court also grants Adobe's request for reasonable fees and costs incurred in pursuing these depositions. No later than October 23, 2015, Adobe shall submit evidence supporting the claimed sum of $3,326.25. Should defendant Francis choose to respond to that supplemental

1  filing, he must file his response by October 30, 2015.  If no response is filed by that date, then the
2  matter of Adobe's requested monetary sanctions will be deemed submitted without further hearing
3  or briefing unless otherwise ordered by this court.
4       SO ORDERED.
5  Dated:   October 16, 2015

_____
HOWARD R. LLOYD
United States Magistrate Judge

5:14-cv-02140-RMW Notice has been electronically mailed to:

Christopher Quang Pham    cpham@johnsonpham.com, cbrannan@johnsonpham.com, jvener@johnsonpham.com, mchaney@johnsonpham.com, ndrey@johnsonpham.com, ppham@johnsonpham.com

Hung Q Pham    ppham@johnsonpham.com

Nicole L Drey    ndrey@johnsonpham.com

5:14-cv-02140-RMW Notice sent by U.S. Mail to:

La Boutique du Softwaretech Inc.
dba Software Tech and Software Tech Store
7415 Gouin Boulevard West
Montreal, Quebec, Canada H4K 1B8

Futur-Soft Solutions Corporation
7415 Gouin Boulevard West
Montreal, Quebec, Canada H4K 1B8

Pierre Francis
7415 Gouin Boulevard West
Montreal, Quebec, Canada H4K 1B8