1
2
3
4
5
6
7
8                                   UNITED STATES DISTRICT COURT
9                                  NORTHERN DISTRICT OF CALIFORNIA
10                                           SAN JOSE DIVISION
11
12   ADOBE SYSTEMS INCORPORATED,                    Case No. 5:14-cv-02140-RMW (HRL)
                 Plaintiff,
13
         v.
14                                                  **ORDER RE PLAINTIFF'S REQUEST
                                                    FOR ATTORNEY'S FEES**
15   LA BOUTIQUE DU SOFTWARETECH
     INC., a Canadian Corporation doing business
16   as SOFTWARE TECH and SOFTWARE
     TECH STORE; FUTUR-SOFT
17   SOLUTIONS CORPORATION, a New
     York Corporation; PIERRE FRANCIS, an
18   Individual; and DOES 3-10, Inclusive,
19              Defendants.

20       In a prior discovery order, this court agreed that plaintiff Adobe Systems, Incorporated
21   (Adobe) is entitled to an award of attorney's fees as a sanction for defendants' failure to appear for
22   their depositions. (Dkt. 95). Adobe was directed to file supplemental papers supporting the
23   claimed sum of $3,326.25.
24       In response to that order, Adobe's lead counsel, Christopher Q. Pham, submitted his
25   declaration (along with several appended exhibits), describing the work that he and two associates
26   at his firm performed in connection with defendants' depositions. (Dkt. 96). Pham advises that,
27   due to a decision to leave a particular charge off of the firm's invoices to Adobe, the amount of the
28   requested fees has been revised downward to $3,288.75.

Although the corporate defendants were (and remain) unrepresented, defendant Francis was given an opportunity to file a response to Adobe's supplemental filing. The October 30, 2015 filing deadline has long since passed, and this court has received no response from Francis. As stated in the prior discovery order, if no response was received from him by the deadline, then the matter would be deemed submitted without further briefing or hearing, unless otherwise ordered.

Having reviewed Pham's declaration and supporting papers, this court finds that no further proceedings are necessary for the resolution of this matter. For the reasons discussed below, this court now awards Adobe its fees in the amount of $3,288.75.

In assessing the reasonableness of Adobe's requested fees, this court follows the lodestar approach, which requires the determination of the number of hours reasonably expended in litigation multiplied by a reasonable hourly rate. Hensley v. Eckerhart, 461 U.S. 424, 433, 103 S. Ct. 1933, 76 L.Ed.2d 40 (1983), abrogated on other grounds by Tex. State Teachers Ass'n. v. Garland Indep. Sch. Dist., 489 U.S. 782, 109 S.Ct. 1486, 103 L.Ed.2d 866 (1989). In making this determination, this court is "guided by the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation." Chalmers v. City of Los Angeles, 796 F.2d 1205, 1210-11 (9th Cir. 1986), reh'g denied, amended on other grounds, 808 F.2d 1373 (9th Cir. 1987) (citing Blum v. Stenson, 465 U.S. 886, 895 n.11, 104 S. Ct. 1541, 79 L.Ed.2d 891 (1984)).

Here, each of the identified attorneys has approximately six to fifteen years of experience, primarily in intellectual property matters. (Pham Decl., ¶¶ 4, 12). Each attorney billed at a rate of $375 per hour. (Id. ¶ 12). Based on this court's familiarity with the range of rates customarily charged by attorneys practicing before it, the stated hourly rate appears to be in line (if not below) prevailing rates for similar services by lawyers of reasonably comparable skill, experience and reputation. See Ingram v. Oroudjian, 647 F.3d 925, 928 (9th Cir. 2011) (agreeing that "judges are justified in relying on their own knowledge of customary rates and their experience concerning reasonable and proper fees."); see also Minichino v. First California Realty, No. C11-5185 EMC, 2012 WL 6554401 at *7 (N.D. Cal., Dec. 14, 2012) (relying on the court's own experience in evaluating a fee request). Additionally, Adobe has submitted sufficient documentation of the

1  hours claimed.  (Pham Decl. ¶ 8, Ex. C).  Having reviewed those records, this court finds that the
2  claimed hours were necessary and were reasonably incurred and that none of the claimed time is
3  duplicative or excessive.

4  Accordingly, this court awards Adobe $3,288.75 in fees incurred in pursuing defendants'
5  depositions.  Defendants shall pay that sum to Adobe by **December 11, 2015**.

6  SO ORDERED.

7  Dated:   November 24, 2015

_____
HOWARD R. LLOYD
United States Magistrate Judge

5:14-cv-02140-RMW Notice has been electronically mailed to:

Christopher Quang Pham     cpham@johnsonpham.com, cbrannan@johnsonpham.com, jvener@johnsonpham.com, mchaney@johnsonpham.com, ndrey@johnsonpham.com, ppham@johnsonpham.com

Hung Q Pham     ppham@johnsonpham.com

Nicole L Drey     ndrey@johnsonpham.com

5:14-cv-02140-RMW Notice sent by U.S. Mail to:

La Boutique du Softwaretech, Inc.
7415 Gouin Boulevard West
Montreal, Quebec, Canada H4K 1B8

Software Tech Store
7415 Gouin Boulevard West
Montreal, Quebec, Canada H4K 1B8

Futur-Soft Solutions Corp.
7415 Gouin Boulevard West
Montreal, Quebec, Canada H4K 1B8

Pierre Francis
7415 Gouin Boulevard West
Montreal, Quebec, Canada H4K 1B8