UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ADOBE SYSTEMS INCORPORATED,<br><br>　　　　　　Plaintiff,<br><br>　　　v.<br><br>LA BOUTIQUE DU SOFTWARETECH INC., a Canadian Corporation doing business as SOFTWARE TECH and SOFTWARE TECH STORE; FUTUR-SOFT SOLUTIONS CORPORATION, a New York Corporation; PIERRE FRANCIS, an Individual; and DOES 3-10, Inclusive,<br><br>　　　　　　Defendants. | Case No.  5:14-cv-02140-RMW (HRL)<br><br>**REPORT AND RECOMMENDATION RE DISCOVERY DISPUTE REPORT NO. 2**<br><br>Re: Dkt. No. 101 |

In a prior discovery dispute report, plaintiff Adobe Systems Incorporated (Adobe) moved this court for an order striking defendants' answers as a discovery sanction for their failure to appear for deposition and for their failure to produce Osama Shamma and Delilah Kanou for deposition. Dkt. 94. This court concluded that striking defendants' answers pursuant to Fed. R. Civ. P. 37 might well be justified. Dkt. 95. But, because there was still reasonable time under the court's scheduling order to conduct the subject depositions (notwithstanding that discovery had closed), this court instead ordered defendants to appear in the United States for their depositions no later than November 16, 2015. Defendants were also directed to produce Shamma and Kanou for deposition here by that same date. Additionally, this court awarded Adobe its attorney's fees

incurred in pursuing the (failed) depositions. Dkt. 95, 103. Adobe's request for terminating sanctions otherwise was denied without prejudice to Adobe to renew that request if defendants again failed to cooperate in the scheduling of their depositions, failed to appear for examination, or failed to produce Shamma and Kanou for deposition. Dkt. 95.

Adobe now renews its request to strike the answer of defendant Francis[1] and additionally requests that his default be entered. Because the relief sought is dispositive in nature, this court issues this report and recommendation that Adobe's request be granted. 28 U.S.C. § 636; Fed. R. Civ. P. 72.

Plaintiff advises that it immediately emailed this court's prior discovery order to defendants and again attempted to schedule the ordered depositions. According to Adobe, defendants refused to participate in the scheduling of the depositions. So, Adobe says it then served notices of deposition, by mail and email, setting the depositions of Kanou and Shamma for November 10, 2015, the corporate defendants for November 11, 2015, and Francis for November 12, 2015. Dkt. 101, Ex. A. Adobe says that despite its efforts and this court's prior order compelling the depositions, defendants again failed to appear for deposition and also failed to produce Shamma and Kanou for deposition. Id., Ex. B.

Although the record demonstrates that Adobe served the instant discovery report on defendants by mail over a month ago (Dkt. 101 at 5), this court has not received any response from them.

As discussed in this court's prior discovery order:

> If a party fails to appear for a properly noticed deposition, the court may sanction that party by, among other things, striking its pleadings in whole or in part. Fed. R. Civ. P. 37(d); 37(b)(2)(A)(iii) [footnote omitted]. Such sanctions are appropriate, even in the absence of a prior court order. Fed. R. Civ. P. 37(d); Hilao v. Estate of Marcos, 103 F.3d 762, 764-65 (9th Cir. 1996). "Instead of or in addition to these sanctions, the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3).

---

[1] Adobe advises that Judge Whyte has granted its separate motion to strike the corporate defendants' answers. Accordingly, Adobe's prior request to have this court do the same (as a discovery sanction) is moot.

> Before ordering a terminating sanction under Fed. R. Civ. P. 37(d) for failure to appear at a deposition, the court must balance five factors: (1) the public's interest in expeditious resolution of litigation, (2) the court's need to manage its dockets, (3) the risk of prejudice to the party seeking sanctions, (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions. Hyde & Drath v. Baker, 24 F.3d 1162, 1166 (9th Cir.1994) (citing Wanderer v. Johnston, 910 F.2d 652, 656 (9th Cir.1990)).  The first two factors weigh in favor of the imposition of terminating sanctions, while the fourth factor cuts against it. "Thus the key factors are prejudice and the availability of lesser sanctions." Wanderer, 910 F.2d at 656.
>
> This court finds that striking defendants' answers might well be justified. Plaintiff is entitled to obtain testimony on matters pertinent to this lawsuit, and the record presented indicates that each of the deponents likely has information that is relevant or reasonably calculated to lead to the discovery of admissible evidence.  Defendants flatly refused to appear and to produce witnesses for the noticed examinations.  They also ignored plaintiff's repeated efforts to schedule (and reschedule) the depositions.

Dkt. 95 at 2-3. As discussed, this court imposed the less drastic sanction of a fee award. Additionally, defendants were warned that this court would consider a renewed request for terminating sanctions if they again failed to cooperate in the scheduling of their depositions, to appear for their depositions, or to produce Shamma and Kanou for deposition. Dkt. 95 at 3. Nevertheless, defendants continue to refuse to do any of those things, in apparent disregard of this court's order. Discovery closed long ago, and there simply is no more time to take these depositions, at least not without jeopardizing the court-ordered case schedule that was set months ago. To the extent defendant Francis has an explanation justifying this conduct, he has not informed this court.

Accordingly, this court recommends that Adobe's renewed request for sanctions be granted, that defendant Francis' answer (Dkt. 57) be stricken from the record, and that default be entered against him. Fed. R. Civ. P. 37(b)(2)(A), 37(d).

Any party who wishes to file objections to this Report and Recommendation must do so **no later than January 7, 2016**. Fed. R. Civ. P. 72.

Dated:   December 17, 2015

_____
HOWARD R. LLOYD
United States Magistrate Judge

3

5:14-cv-02140-RMW Notice has been electronically mailed to:

Christopher Quang Pham    cpham@johnsonpham.com, cbrannan@johnsonpham.com, jvener@johnsonpham.com, mchaney@johnsonpham.com, ndrey@johnsonpham.com, ppham@johnsonpham.com

Hung Q Pham    ppham@johnsonpham.com

Nicole L Drey    ndrey@johnsonpham.com

5:14-cv-02140-RMW Notice sent by U.S. Mail on December 18, 2015 to:

La Boutique du Softwaretech, Inc. dba Software Tech
7415 Gouin Boulevard West
Montreal, Quebec, Canada H4K 1B8

Software Tech Store
7415 Gouin Boulevard West
Montreal, Quebec, Canada H4K 1B8

Futur-Soft Solutions Corp.
7415 Gouin Boulevard West
Montreal, Quebec, Canada H4K 1B8

Pierre Francis
7415 Gouin Boulevard West
Montreal, Quebec, Canada H4K 1B8